THOMAS H. GREER, JOHN GREER AND ALEXANDER GREER, RESPONDENTS, v. ISAAC A. ROSA, SHERIFF OF MONTGOMERY COUNTY, APPELLANT.

*Evidence — statements contained in an inventory filed with a general assignment — not admissible as against a sheriff claiming under an attachment.*

This action was brought to recover the possession of goods which the plaintiffs alleged that they had been induced to sell to one McGovern by the fraudulent representations of the latter, from the sheriff who had seized the goods under attachments issued in actions brought by other creditors against McGovern after the latter had made a general assignment for the benefit of creditors. Upon the trial the plaintiffs were allowed, against the objection and exception of the defendant, to give in evidence the assignment made by McGovern, and the inventory and schedule filed in the county clerk's office, and to read the contents thereof.

*Held*, that although the plaintiffs might prove the fact that McGovern had made an assignment for the benefit of creditors, as tending to establish the charge of fraud, yet as the sheriff did not claim under the assignment it was error to allow the contents of the inventory and schedules to be used as evidence against him.

APPEAL from a judgment in favor of the plaintiffs, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Edward J. Meegan,* for the appellant.

*H. S. Lary* and *Robert J. Sanson,* for the respondents.

LEARNED, P. J.:

The plaintiffs sold goods to one McGovern about December 12, 1883. Afterwards McGovern made a general assignment to one Hayflinger January 9, 1884. Afterwards creditors of McGovern sued him, and in such suits issued attachments under which the defendant, sheriff, etc., by his deputy, seized goods, among them those sold by plaintiffs. Subsequently the plaintiffs commenced this action of replevin and took the goods. But the same were retaken and retained by giving the usual bond. The ground of plaintiffs' action, as stated, is that the goods were obtained from them by false and fraudulent representations when McGovern was

insolvent, with the design of not paying for the same. (*Morris* v. *Talcott*, 96 N. Y., 100.)

To show McGovern's insolvency at the time of the so-called sale of the goods plaintiffs gave in evidence his assignment dated January 9, 1884, and the inventory and schedules dated January 26, 1884, and filed in the county clerk's office September 27, 1884. To this defendant objected. Plaintiffs read therefrom the amount of indebtedness and of property and also the assignment. To all which defendant objected.

At the conclusion of the charge the defendant asked the court to charge that the inventory did not tend to establish McGovern's liabilities. The court refused.

We think that the plaintiffs might prove the fact that McGovern made an assignment for the benefit of creditors as tending to show that, at the short time previous, when he bought, he had no intention of paying. The act of making an assignment, whether he was then really insolvent or not, was a fact which might have some influence in deciding what his intentions were when he bought. Just as if he had sold all his property to any other person. But McGovern's statements in that assignment were not, and still less were the contents of the inventory and schedules, evidence against the defendant of the matters therein contained. These were mere statements made by McGovern, out of court, on the twenty-ninth of January, that on such a day, the ninth of January, he owed so much and had so much property. Neither plaintiffs nor defendant claimed under the assignment. (*Tyler* v. *Brock*, 68 N. Y., 418; *Turner* v. *See*, 57 id., 667.)

The evidence of fraud in this case is this: plaintiffs asked McGovern how he was getting along. He said he was getting along good — all right. He testifies that at that time he knew he was insolvent, owing $3,600 and having $1,900. And in a month's time he failed. He testified that he had no intent to defraud plaintiffs when he made the purchase. Of course, the question is whether the purchase was made with the design not to pay. We cannot say that there was no evidence to go to the jury on that point. McGovern's testimony was contradicted by what he had previously sworn to on another occasion, as to his knowledge of his financial condition when he made the purchase. And this was very material

on the question of fraud. Therefore we cannot disregard the error in the admission of evidence above mentioned, an error insisted upon by the defendant in various ways.

Judgment reversed, new trial granted, costs to abide event.

LANDON, J., concurred.